Affirmed and Memorandum Opinion filed August 16, 2005









Affirmed and Memorandum Opinion filed August 16, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00612-CR

____________

 

SHERN
EUGENE SCOTT, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

__________________________________________________________

 

On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 772,667

__________________________________________________________

 

M E M O R A N D U M   O P I
N I O N

Appellant Shern Eugene Scott
appeals from the trial court=s order
denying his motion for postconviction DNA testing.[1]  Because identity was not and is not an issue,
we conclude the trial court correctly denied the motion and affirm.








Background

In 1998, appellant was convicted
of the felony offense of sexual assault.[2]  At trial, he admitted to having sexual
contact with the complainant, but contended the act was consensual.

In 2003, appellant filed a motion
for postconviction DNA testing.  In his
motion, he requested testing of the fingernail scrapings taken from the
complainant.  He contended AIdentity
was and is an issue in this case.  While
petitioner testified at trial that he had sexual intercourse with the
complainant, he denied using physical force or violence during the act of
consensual sexual intercourse.@  In the affidavit in support of his motion,
appellant stated, AIdentity
was an issue in my case.  I did not
compel the complainant to have sexual intercourse by using physical force and
violence.@

The State submitted its response,
and the trial court denied appellant=s
motion.  The trial court made the
following findings:

3.         The Court finds, based on the trial record, that [appellant]
testified at trial that he had consensual sexual intercourse with the
complainant and denied the use of force or violence during the instant offense.

                        .
. . .

5.         The Court, based upon [appellant=s] admission that he had
sexual intercourse with the complainant, finds that identity was not and is not
an issue in the instant cause.                                                        


6.         The Court further finds that [appellant] fails to establish
by a preponderance of the evidence that he would not have been convicted if
exculpatory results were obtained through DNA testing.

 








Discussion

In a single issue, appellant
challenges the trial court=s denial
of his motion for postconviction DNA testing. 
We review a trial court=s
decision to deny a motion for postconviction DNA testing
under a bifurcated standard of review.  Rivera
v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  Accordingly, we afford almost total deference
to the trial court=s
determination of issues of historical fact and the application of law to the
fact issues that turn on an evaluation of credibility and demeanor.  Id. 
However, we review de novo the ultimate question of whether the
trial court was required to grant a motion for DNA testing under Chapter 64 of
the Texas Code of Criminal Procedure.  See
id.

The version of Texas Penal Code
article 64.03 in effect when appellant filed his motion  provided a court could order forensic testing
of DNA evidence only if the court found (1) evidence, which has been subjected
to a sufficient chain of custody to establish its integrity, exists in a
condition making DNA testing possible; (2) Aidentity was or is an issue in the case@; and (3)
Aa
reasonable probability exists that [the defendant] would not have been
prosecuted or convicted if exculpatory results had been obtained through DNA
testing.@  Act of April 3, 2001, 77th Leg., R.S., ch. 2,
' 2, 2001
Tex. Gen. Laws 2, 3 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2004B05)).  By its explicit terms, Chapter 64 does not
require the trial court to grant a request for DNA testing unless the statutory
preconditions are met.  See Bell v.
State, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). 








Appellant contends the trial
court erred in finding identity was not and is not an issue in the case.  Appellant argues, AAppellant
alleged the sexual intercourse was not by use of force, yet the state has
fingernail scrapings evidence against Appellant.  The fingernail scrapings well establishes
[sic] that the sexual assault was of a violent nature, therefore, identity is
definitely an issue in this case.@  He reasons that, after he had sexual
intercourse with the complainant, Athe
forceful attacker could have come in on complainant.  Identity is a crucial issue in this case.@

Thus, appellant is attempting to
use future DNA testing results to raise an issue of identity.  Identity, however, must
be in question without considering the possible results of DNA testing.  See Bell, 90 S.W.3d at 308 (stating, AChapter
64 requires that identity >was or is= an
issue, not that future DNA testing could raise the issue@).

Moreover, even if results of
tests on the fingernail scrapings would show a second person had violent
intercourse with the complainant, this fact is irrelevant to appellant=s defense
of having had consensual intercourse with the complainant.  Consistent with Bell, this court and
others have upheld the denial of postconviction DNA testing when the defendant
admitted to sexual intercourse, but contended it was consensual.  See, e.g., Lopez v. State,
No. 14-03-00871-CR, 2004 WL
503323, at *2 (Tex. App.CHouston
[14th Dist.] Mar. 16, 2004, pet. ref=d) (per
curiam) (not designated for publication); In re Crayton, No.
03-04-00217-CR, 2004 WL 2745954, at *1(Tex. App.CAustin
Dec. 2, 2004, no pet.) (not designated for publication); Arkansas v. State,
No. 05-04-00101-CR, 2004 WL
2569389, at *1 (Tex. App.CDallas
Nov. 12, 2004, pet. ref=d) (not
designated for publication).

We overrule appellant=s sole
issue and affirm the judgment of the trial court.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed August 16, 2005.

Panel consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  See Act
of Apr. 3, 2001, 77th Leg., R.S., ch. 2, ' 2, 2001
Tex. Gen. Laws 2, 2-4 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. arts. 64.01B.05 (Vernon Supp. 2004-05)).  Appellant filed his motion on July 18,
2003.  Although article 64 was amended in
2003, this appeal is governed by the 2001 law. See Act of Apr. 25, 2003,
78th Leg., R.S., ch. 13, '' 8-9, 2003 Tex. Gen. Laws 16, 17 (providing that
former law governs motions for DNA testing filed before September 1, 2003).





[2]  His appeal
from his conviction was dismissed on his own motion.  See Scott v. State, No.
14-98-00762-CR, 1999 WL 233357 (Tex. App.CHouston
[14th Dist.] Apr. 22, 1999, no pet.) (not designated for publication).